UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KATIE WAGONER<br><br>        **Plaintiff,**<br><br>   -v-<br><br>RECEIVE REVENUE RECOVERY<br>a/k/a SSI GROUP, LLC<br><br>        **Defendant.** | CASE NO.: 3:18-cv-01011<br><br>JUDGE:<br><br>**COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff, Katie Wagoner, for her complaint against Receive Revenue Recovery, LLC ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff, Katie Wagoner ("Ms. Wagoner") is a natural adult person residing in Goshen, Indiana, which lies within the Northern District of Indiana.

5. Ms. Wagoner is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Ms. Wagoner is a "person" as defined by I.C. 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Receive Revenue Recovery, a/k/a SSI Group, LLC is an Indiana limited liability company in the business of collecting consumer debts for others, including a medical debt allegedly owed by Plaintiff.

8. In its correspondences, Defendant identifies itself as a "debt collector."

9. Defendant is an Indiana corporation that is registered with the Indiana Secretary of State bearing business identification number 201702161181225.

10. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

11. Defendant is a "supplier" as that term is defined by I.C. 24-5-0.5-2(a)(3) of the IDCSA.

## FACTS SUPPORTING CAUSES OF ACTION

12. Due to her conditions and limited income, Ms. Wagoner defaulted on her account relating to *The South Bend Clinic* ("the Subject Debt").

13. Following the default, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

14. On or around April 25, 2018, Defendant mailed a correspondence to Ms. Wagoner attempting to collect the Subject Debt (the "Collection Letter"). A copy of the Collection Letter is attached to this complaint as Exhibit A.

15. The Collection Letter was the initial communication Ms. Wagoner received from Defendant concerning the Subject Debt.

16. As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, as required under 15 U.S.C. § 1692g (the "G Notice"). *See* Exhibit A.

17. The Collection Letter contained the following language:

> "Because of interest, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which even we will inform you before depositing the check for collection." *See* Exhibit A.

18. The Collection Letter goes on to state in relevant part:

> "Please contact this office so that arrangements may be made and any further action may be stopped, or send a certified check or money order in the self-addressed envelope provided." *See* Exhibit A.

19. The Collection Letter demanded immediate payment of $152.00 from Ms. Wagoner. *See* Exhibit A.

20. On or around June 13, 2018, Ms. Wagoner received a second Collection Letter from Defendant but became confused because the balance listed on the Collection Letter requested a payment of $132.50 (the "Second Collection Letter"). A copy of the Second Collection Letter, dated June 13, 2018, is attached to this complaint as Exhibit B.

21. In the Section Collection Letter, Defendant demanded immediate payment by writing: "Over the next ten (10) days a decision will be made as to which of various collection alternatives should be initiated to recover our client funds. Legal action is one of these alternatives. In order to avoid this action, you should remit the full balance immediately." *See* Exhibit B.

22. Confused and concerned by the differing amounts being demanded between the two (2) Collection Letters and the threat of legal action in both letters, Ms. Wagoner spoke to her attorneys for clarification regarding her rights.

## DAMAGES

23. Ms. Wagoner was misled by the two Collection Letters.

24. Ms. Wagoner justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

25. Due to Defendant's conduct, Ms. Wagoner was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. After a reasonable time to conduct discovery, Ms. Wagoner believes she can prove that all actions taken by Defendant as described herein were taken willfully, with either the desire to harm her, with knowledge that its actions would very likely harm her and/or with knowledge that its actions were taken in violation of the law.

27. Due to Defendant's conduct, Ms. Wagoner is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1) and g(a)*

28. All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §§ 1692g(a)(3)-(5).

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) in providing false, deceptive and/or misleading details as to the Subject Debt in the Collection Letters, namely, where, when and to whom Plaintiff incurred the debt, ultimately confusing and misleading Plaintiff as to the total alleged amount owed.

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) in demanding immediate payment within the first Collection Letter, namely, by stating "Please contact this office so that

5

arrangements can be made and any further action may be stopped." *See* Exhibit A. Further, by Defendant enclosing a self-addressed envelope also signifies the immediacy upon which payment was being demanded from Plaintiff. By stating that payment will stop further action and by including a self-addressed envelope, Defendant was demanding immediate payment from Plaintiff.

32. Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(2)(B), e(10), f and f(1) by including a paragraph implicating that "because of interest, and other charges that may vary from day to day" on the Subject Debt "the amount due on the day you pay may be greater." *See* Exhibit A. In collecting "interest" and "other charges" Defendant is attempting to collect an amount higher than is permitted by any agreement between the parties or as a matter of law. *See* Exhibit A. These statements were meant to induce payment from Ms. Wagoner and in doing so Defendant used false, deceptive and/or misleading representations and/or unfair means in connection with its collection efforts on the Subject Debt without any legal authority to do so.

33. As an experienced debt collector, Defendant knows that its representations to consumers concerning the alleged debt owed and the consumer's rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

34. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the Collection Letters in relation to the amount of the alleged Subject Debt and to her rights under Section G of the FDCPA.

35. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

<u>**COUNT II**</u>
<u>**VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**</u>
<u>***I.C. 24-5-0.5-3(a) and (b)(20)***</u>

36. All prior paragraphs are incorporated into this count by reference.

37. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

38. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. 24-5-0.5-2(a)(1)(C).

39. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. 24-5-0.5-3(a) and (b)(20), by, *inter alia*: (i) providing unclear, incomplete, and conflicting information regarding the character and amount of the Subject Debt; and (ii) failing to properly notify Plaintiff of her rights to dispute the Subject Debt.

40. Defendant intended that Plaintiff rely on its unlawful communication in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

41. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

42. Plaintiff is therefore entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Katie Wagoner, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. 24-5-0.5-4(a)(1)(2);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

d) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

e) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 17th day of December, 2018.   Respectfully Submitted,

   */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Avenue, #1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

    */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC